No. 513

NUNN, Admr. v. HUBACHER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7243. · Decided April 25, 1927.

485. EXECUTORS AND ADMINISTRA-TORS—An administrator, at his peril, pays out money before the expiration of a year from his appointment, unless by an order of court, or by the execution and delivery of an indemnity bond.

959. PROMISSORY NOTES—A note is full payment of the amount of its face only when there is an agreement or a stipulation to that effect.

First Publication of this Opinion

SULLIVAN, PJ.

This cause is here on error from the Court of Common Pleas of Cuyahoga Co., to which court it was appealed from the Probate Court, on exceptions filed to the final account of the Administrator, and sustained by the Probate Court.

Some $2,800 was available for distribution among two heirs at law of the decedent, and of this sum $2,600 appeared by the account to which exception was taken, to have been paid to George J. Busch, brother and co-heir at law, of Agnes K. Hubacker. The Court of Common Pleas reached the same conclusion as the Probate Court, and the Court of Appeals affirmed the Common Pleas.

It appears that .the administrator had paid to the brother at different times sums aggregating $2,600. There is credible evidence that the administrator acted in good faith in all these transactions. That he did not know nor did he have anything except a suspicion, until some eight months after his appointment, that George J. Busch was not the only heir at law. George J. Busch was taken before the Probate Court and there made oath to the administrator's satisfaction, that he was the only heir.

It is a well settled proposition of law that the administrator, at his peril, pays out money before the expiration of a year from his appointment, unless by an order of court, or by the execution and delivery of an indemnity bond. It is also equally well settled that a final account must be approved, and in addition to approval it is not only customary, but necessary to secure the consent of the court for an order of distribution.

Subsequent to the discovery of the second heir at law, and after a conference, as appeared by the final account, a transaction in the following language took place between the administrator and the defendant in error, Agnes K. Hubacher.

"July 14, paid to Agnes K. Hubacher on account of her distributive share as heir at law of the deceased, (which amount, together with certain cash received by her from· George J. Busch, and an $800 note of same date, received from her brother, George J. Busch, was accepted by her in full settlement of her distributive share), $200."

It appears from the evidence and statement of counsel that the note for $800 has never been paid. A note is full payment of the amount of its face only when there is an agreement or a· stipulation to that effect.

Upon the question as to whether the agreemen of July 14 was a settlement in full with defendant in error, the law required, in our judgment, that the plaintiff in error show by a preponderance of the evidence, that the contract and payment thereunder ·were in full for all claims which the sister had· against the estate on account of her co-heirship. Upon this point the case Berkmeyer v. Kellerman, 32 OS. 239, holds as follows:

The burden of proof is on the defendant to show that the acts which they claim to be confirmation of the deed were attended with all the circumstances is not enough to prove some fact which might amount to confirmation. It must be shown that the persons performing the act did so with full information of all the facts bearing on the matter and all of their rights with regard to them; and the acts were done freely and voluntarily with the intention of confirming, with entire freedom from the influence of the former transaction, and without the exertion of any undue pressure.

Judgment affirmed.

(Vickery and Levine, JJ., concur).

Attorneys—Joseph L. Stern for Nunn, Admr; T. X. Dunigan and A. N. L. McQuade for Hubacher; all of Cleveland.

---

No. 514

RICKETTS v. SHIELDS

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 736. Decided Feb. 14, 1927

681. JURISDICTION—Where there is no completion of service of summons of petition in error within 60 days after 70 day limit, Court of Appeals has no jurisdiction.

First Publication of this Opinion

BY THE COURT.

This case was submitted upon motion to dismiss for want of jurisdiction over the ·person of defendant in error.

The petition in error was filed within the 70 day limit and summons in error was issued on July 3, 1926, which was returned on July 3, 1926, which was returned on July 12, 1926, as follows:

"I return this writ without service, the within named Victoria Shields Allen not found in my county." No attempt was made to obtain further service within the additional 60 days allowed by statute for the completion of the time allowed for completion of service. .The Court of Appeals held:

1. Unless service of summons was had within the 70 day limit; or where a summons was issued within proper time and regularly served; or where a legal service was had within 60 days thereafter, there is no jurisdiction to consider the petition in error. Hixon v. Vale, 85 OS. 325.

2. It was urged that the Deputy Sheriff had it in his power to complete service by serving the summons upon the attorneys. This however he did not do as shown by the return and the return of the sheriff would be controlling.

3. Motion to dismiss proceeding in error upon ground that no valid service has been made against Allen, should be sustained.

Judgment accordingly.

(Ferneding, Allen & Kunkle, JJ., concur.)

Attorneys—T. O. Nelson for Ricketts; Marshall & Harlan for Allen; all of Dayton.